CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
for Lynchburg
JUN 2 5 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:07cr00019 |
| v. | MEMORANDUM OPINION and ORDER |
| GREGORY POWELL, | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Discovery, filed on June 12, 2007 (docket entry no. 12). For the following reasons, this motion will be GRANTED IN PART and DENIED IN PART.

Defendant was charged a variety of offenses related to a scheme to obtain loans from federally insured banks under false pretenses. Under the blanket statement "pursuant to Federal Rules of Criminal Procedure 16 and 26.2, the Federal Rules of Evidence, and the United States Constitution" preceding thirteen numbered paragraphs (one with eight subparagraphs), Defendant makes twenty separate requests—in no particular order—for discovery from the Government. Only five of those requests point to specific legal authority that might authorize the discovery requested; notably, one of those five requests points to the wrong authority. Because an analysis of Defendant's motion undertaken in the order in which he has presented it would be inefficient and somewhat haphazard, I will instead examine Defendant's requests in a more logical order.

## I. Rule 16 of the Federal Rules of Criminal Procedure

First, Rule 16 of the Federal Rules of Criminal Procedure requires, upon a non-organizational defendant's request, that the Government disclose certain oral statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), certain written or recorded statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(B), the defendant's prior criminal record, Fed. R. Crim. P. 16(a)(1)(D), certain documents and objects, Fed. R. Crim. P. 16(a)(1)(E), certain reports of examinations and tests, Fed. R. Crim. P. 16(a)(1)(F), and the summary of the testimony of certain expert witnesses, Fed. R. Crim. P. 16(a)(1)(G). Several of Defendant's requests here fall under the purview of Rule 16.

Rule 16(a)(1)(A) provides that upon a defendant's request, the Government must provide "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(A). In paragraph 2 of Defendant's motion, he requests "[t]he substance of *any* oral statement(s) made by this defendant," without restricting it to those statements made in response to interrogation and without providing any specific legal authority to support his request. (Mot. for Disc. ¶ 2) Inasmuch as Defendant's request is covered by Rule 16(a)(1)(A), that request is GRANTED. To the extent, however, that Defendant seeks discovery of any oral statement he made that is not covered by Rule 16(a)(1)(A) or any other legal authority, that request is DENIED.

Rule 16(a)(1)(B) provides three circumstances under which the Government must disclose and make available certain written or recorded statements. First, if the defendant requests it, "any relevant written or recorded statement [made] by the defendant" is discoverable

if two prerequisites are met: "the statement is within the government's possession, custody, or control" and "the attorney for the government knows—or through due diligence could know—that the statement exists." Fed. R. Crim. P. 16(a)(1)(B)(i). Second, if the defendant requests it, the government must disclose "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. 16(a)(1)(B)(ii). And third, "the defendant's recorded testimony before a grand jury relating to the charged offense" is also discoverable on the defendant's request. Fed. R. Crim. P. 16(a)(1)(B)(iii). In paragraph 1 of his motion, Defendant requests "[c]opies of all statements, written or recorded, of the defendant in the possession, custody or control of the government." (Mot. for Disc. ¶ 1) Defendant apparently seeks these statements under the purview of Rule 16(a)(1)(B)(i). Inasmuch as the request in Paragraph 1 asks for *all* written or recorded statements in the Government's possession, custody, or control without specifying whether such statements were made in response to interrogation or were made before a grand jury, only Rule 16(a)(1)(B)(i) is implicated here. That portion of Defendant's request pursuant to Rule 16(a)(1)(B)(i) is therefore GRANTED, but the portion of Defendant's request not covered by Rule 16(a)(1)(B)(i) or any other legal authority is DENIED.

Rule 16(a)(1)(D) states that upon request, the Government "must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows—or through due diligence could know—that the record exists." Fed. R. Crim. P. 16(a)(1)(D). Defendant here requests "[a] copy of defendant's criminal record, if any." (Mot. for Disc. ¶ 9) Therefore, if the Government attorney knows, or could know, that there exists a criminal record for Defendant and if the

- 3 -

Case 6:07-cr-00019-NKM   Document 19   Filed 06/25/07   Page 3 of 10   Pageid#: 54

Government has within its possession, custody, or control that criminal record, it must disclose it to Defendant. That portion of Defendant's motion requesting his prior criminal record is therefore GRANTED.

Rule 16(a)(1)(E) states that upon request, the Government must allow a defendant to inspect and copy or photograph certain tangible things so long as (1) they are within the Government's possession, custody, or control and (2) one of three other requirements is met. Those three requirements are that (i) "the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). In paragraph 8 of his motion, Defendant requests all tangible things "encompassed by Fed. R. Crim. Procedure 16(c) which are material to the preparation of a defense or intended for use by the government as evidence." (Mot. for Disc. ¶ 8) Rule 16(c), however, deals with a party's continuing duty to disclose; instead, Rule 16(a)(1)(E) seems to cover Defendant's request. Therefore, to the extent Defendant's request falls under the purview of Rule 16(a)(1)(E)(i) and Rule 16(a)(1)(E)(ii),[1] that request is GRANTED.

Rule 16(a)(1)(F) allows discovery of examinations and tests if four elements are met: (1) the defendant must request the discovery, (2) the item must be with in the Government's possession, custody, or control, (3) the Government attorney either knows or through due diligence could know, that the item exists, and (4) either the item is material to preparing the defense or the Government intends to use the item in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F). In paragraph 7 of his motion, Defendant seeks discovery of "[a]ny and all reports of

---

[1] Defendant did not request discovery of any tangible thing that was obtained from or belongs to him, which, if requested, would be covered by Rule 16(a)(1)(E)(iii).

scientific tests or experiments which are material to the preparation of the defense or are intended for use by the government as evidence." (Mot. for Disc. ¶ 7) Elements one and four have been met; therefore, if the items Defendant requests are within the Government's possession, custody, or control and the items exist, the Government must disclose them. That portion of Defendant's motion is therefore GRANTED.

Rule 16(a)(1)(G) allows discovery, upon request, of "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial"; such summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). In paragraph 12(h), Defendant requests "evidence ... which is favorable to the defendant or which is relevant to the guilt or punishment of the defendant, including, but not limited to" the summary of any government expert witness. (Mot. for Disc. ¶ 12(h)) Defendant's request under Rule 16(a)(1)(G) is therefore GRANTED.

### II. Rule 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act

The Jencks Act, codified at 18 U.S.C. § 3500, provides that certain statements made by government witnesses may not be the subject of subpoena, discovery, or inspection until after that witness has testified on direct examination at the trial. *See* 18 U.S.C. § 3500(a) (2000). After the witness has testified on direct examination and upon the defendant's motion, however, the court *must* order the government to produce any statement made by the witness that comports with § 3500(e). *See id.* § 3500(b). It is then within the court's discretion whether and for how long to recess proceedings

for such time as is necessary for the defendant to examine the statement. *See id* § 3500(c).[2]

Under the plain language of the statute, then, it is clear that the Court cannot require the government to produce Jencks Act statements until *after* the witness has testified.[3] But as the Fourth Circuit has stated, "nothing in the Jencks Act prevents the government from voluntarily disclosing covered material prior to trial." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). Such early disclosures help both the government and the defendant. *See, e.g., id.* ("We prefer to encourage such early disclosures. In fact, we believe that both sides benefit when the government's file is completely open to a criminal defendant.").

In light of the explicit language of the Jencks Act and governing case law and absent extraordinary circumstances, this Court is generally disinclined to grant motions seeking pretrial disclosure of statements otherwise not discoverable under the Act. The Court recognizes, however, that a defendant is entitled to a reasonable opportunity to inspect a witness's relevant statements before cross examining that witness. If these statements are voluminous, a prudent attorney may then ask for a recess or continuance to review the material, resulting in a trial delay.

Defendant here requests "[a]ny and all statements by witnesses concerning the offenses alleged in the indictment including but not limited to … witness statements required to be disclosed under Fed. R. Crim. Pro. 26.2 and the Jenck[]s Act." (Mot. for Disc. ¶ 4) As is clear from the discussion above, the Jencks Act does not require pre-trial disclosure of such statements.

Additionally, nothing in Defendant's motion indicates that a failure on the Government's part

---

[2] As the Fourth Circuit noted in *United States v. Smith*, 31 F.3d 1294 (4th Cir. 1994), Rule 26.2 of the Federal Rules of Criminal Procedure was intended to replace Jencks Act provisions dealing with discovery of a testifying witness's prior statements "on the notion that provisions [that] are purely procedural in nature should appear in the Federal Rules of Criminal Procedure rather than in Title 18." *Smith*, 31 F.3d at 1301 n.6 (citing the Advisory Committee Note to Rule 26.2). The result would be the same here whether Defendant's request was analyzed under Rule 26.2 or under the Jencks Act. *See id.*

[3] This is true to the extent that such material is not exculpatory. Otherwise, the material falls under the rule from *Brady v. Maryland*, 373 U.S. 83 (1963), and must be disclosed. *Brady* is discussed below.

to release any Jencks Act material before trial would result in a trial interruption. It is unclear from Defendant's motion why this case deserves special attention or how he knows—at least at this time—what Government witnesses will testify on direct examination, and, therefore, how much Jencks Act material the Government will have to offer at trial.

Jencks Act material must be made available to Defendant, but not until *after* a witness has testified on direct examination. That portion of Defendant's motion addressing Jencks Act material is therefore DENIED.

### III. Witnesses' Grand Jury Testimony

As the Fourth Circuit recently made clear, Rule 6(e) states that although the general rule is that grand jury proceedings are secret, that rule "may be placed aside under certain circumstances to allow for disclosure." *United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007).

> Specifically, Rule 6(e)(3)(E)(i) states that a district court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter ... preliminary to or in connection with a judicial proceeding." The Supreme Court has explained that a party seeking disclosure of grand jury materials must make a showing of a "particularized need" by demonstrating that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials.

*Id.* (citing Fed. R. Crim. P. 6(e)(3)(E)(i) and *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)). Here, Defendant requests "[a]ny and all statements by witnesses concerning the offenses alleged in the indictment including but not limited to the grand jury testimony of witnesses." (Mot. for Disc. ¶ 4) Defendant has not asserted any "particularized need" and has not otherwise pointed to any legal authority that would give him the right to these statements. Therefore, this part of his motion is DENIED.

## IV. Disclosure of Rule 404(b) Evidence

Rule 404(b) of the Federal Rules of Evidence states that evidence of other crimes, wrongs, or acts is inadmissible to prove action in conformity therewith. Such evidence may, however, be admissible for other purposes. To be admissible, however, the defendant must first request that the government provide reasonable notice in advance of trial of "the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Here, Defendant requests "[a]ll evidence which the government may introduce pursuant to Federal Rule of Evidence 404(b)." (Mot. for Disc. ¶ 11) As Rule 404(b) states, however, a defendant is not entitled to the evidence itself; instead, a defendant is only entitled to "the general nature" of that evidence that the Government intends to introduce at trial. Additionally, Defendant points to no other legal authority that would entitle him to this evidence. To the extent Defendant's request complies with Rule 404(b), that part of the motion is GRANTED; to the extent it does not, that part of the motion is DENIED.

## V. *Brady v. Maryland*, *Giglio v. United States*, and Exculpatory Evidence

The Supreme Court held in *Brady v. Maryland*, 373 U.S. 83 (1963), that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Giglio v. United States*, 405 U.S. 150 (1972), the Court held that if disclosure of evidence or information that would tend to discredit or impeach the credibility of a government witness could be determinative of guilt or innocence,

that information must be disclosed. *Giglio*, 405 U.S. at 150. The Supreme Court treats pretrial disclosure of *Giglio* material in the same manner as it treats *Brady* material. *See, e.g., United States v. Bagley*, 473 U.S. 667, 676 (1985). In paragraph 12 of his motion, Defendant seeks this type of material (albeit without referencing *Brady*, *Giglio*, those cases' progeny, or any other legal authority that would allow such disclosure). (*See* Mot. for Disc. ¶ 12) Without suggesting that the Government is not complying with *Giglio* or *Brady*, the Court hereby GRANTS Defendant's motion and hereby orders the government to provide to Defendant any impeaching information pursuant to *Giglio*, *Brady* and those cases' progeny.

## VI. Government Informant Evidence

In determining whether to allow disclosure of the identity of a government informant, a district court must "balance the public interest in nondisclosure against the defendant's right to prepare a defense." *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985). Such a decision depends "on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States*, 353 U.S. 53, 62 (1957); *Smith*, 780 F.2d at 1107. Additionally, "the burden is on the defendant to establish that the *Roviaro* criteria in a particular case counsel in favor of disclosure" and a defendant must provide concrete reasons for such disclosure. *See United States v. D'Anjou*, 16 F.3d 604, 609–10 (4th Cir. 1994) (stating that a defendant must "come forward with something more than speculation" (quotation marks omitted)). Here, Defendant has merely requested "[t]he names and address of any informer(s) who may have provided evidence or information relevant to this case." (Mot. for Disc. ¶ 10) This bare request is in insufficient under *Roviaro* and *D'Anjou* and must be DENIED.

## VII. Remaining Requests for Discovery

Finally, without pointing to any legal authority, Defendant requests "[a]ny and all police or law enforcement reports containing statements of witnesses" (Mot. for Disc. ¶ 3), "[t]he original notes of the law enforcement officials or their agents pertaining to the offense alleged in the indictment" (Mot. for Disc. ¶ 5), "[t]he names and addresses of all witnesses to the offenses alleged in the indictment" (Mot for Disc. ¶ 6),[4] and "[a]ll evidence subject to discovery upon request by the defendant pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Constitution" (Mot. for Disc. ¶ 13) Without deciding whether Defendant is entitled to such material, his request is DENIED because he has not provided the Court with any specific legal justification for why he is entitled to such materials.

## VIII. Conclusion

For the foregoing reasons, Defendant's motion is hereby GRANTED IN PART and DENIED IN PART in accordance with the direction above.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

ENTERED: _/s/_____
United States District Judge
6-25-07

---

[4] To the extent Defendant seeks the names and addresses of the Government's potential trial witnesses, criminal defendants are "not entitled of right, in [a] non-capital case, to such pretrial disclosure." *United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973).